# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOSEPH R. FLORES,

    Plaintiff,

v.

JAN MORGEN, *et al.,*

    Defendants.

Case No. C08-5621 RJB/KLS

ORDER TO AMEND

Before the Court is the Motion to Dismiss of Defendants Jan Morgen, Russell Amaru, Lisa Emerich, Charle Leister, David Beaver and Godfredo Navarro. Dkt. 36. Defendant Barbara Holloway joins in the motion to dismiss. Dkt. 40. While that motion was pending, Plaintiff Joseph R. Flores filed a motion to amend. Dkt. 25. The Court denied the motion because Mr. Flores failed to attach the new complaint. Dkt. 45. Mr. Flores moved for reconsideration of that order, attaching a proposed amended complaint. Dkt. 51. The Court granted the motion for reconsideration and directed Defendants to respond to the motion to amend and proposed amended complaint. Dkt. 58. The Defendants filed a response. Dkt. 59. Defendant Holloway filed a response. Dkt. 60.

Having carefully reviewed the parties' filings and balance of the record, the Court notes several deficiencies in Plaintiff's proposed amended complaint but finds that Plaintiff shall be given an opportunity to file an amended complaint to cure the deficiencies noted herein. Therefore,

ORDER TO AMEND - 1

Defendants' motion to dismiss (Dkt. 36) may be re-noted or re-submitted after an amended complaint has been filed.

## I. PLAINTIFF'S ALLEGATIONS

Mr. Flores is no longer in custody. Dkt. 61. In his original complaint, Mr. Flores alleged that three weeks before he began his incarceration at the Washington Corrections Center (WCC), he was advised by personnel at WCC that he would be allowed to have his electric wheelchair, medication and leg wraps at WCC. Dkt. 5, p. 3. When he arrived at WCC on August 20, 2008, he was not allowed any of these items. *Id*. In addition, he claims that he was given medications in error and was told by Defendants Amaru and Morgen that he did not need the wheelchair based on their review of his 1997 medical record even though he had back surgery in 2008. *Id*. Mr. Flores alleges further that all of the named defendants were named in his kites, and were involved in denying him medical attention and denying him the use of his wheelchair. *Id*. The named defendants include Jan Morgen, Russell Amaru, Barbara Halloway, Lisa Doe, Charli Doe, Dave Doe, Mr. Navarro, and the "Medical Committee."

In his proposed amended complaint, Mr. Flores adds Maggie Stout, Rusty Smith, Dr. Doe Smith, Kimberly Dotson, Doe Hewston, G. Burke, Doe Able, "Medical Committee," and Eldon Vale as additional defendants. Mr. Vale is the Secretary of the Department of Corrections (DOC). The remaining newly named defendants are employees of the DOC at the Airway Heights Corrections Center (AHCC). Dkt. 51-2, pp. 2-3.

On pages 3 and 4 of his proposed amended complaint, Mr. Flores attempts to incorporate by reference, the allegations contained in his original complaint. *Id*., pp. 3-4. He then alleges that the violations of his Eighth Amendment rights did not stop at WCC but also occurred during his transfer from WCC to AHCC on October 15, 2008, when he was forced to climb into a bus for eight hours with his legs bent and climb down the stairs with chains on his legs. *Id*., p. 4. Upon arrival at AHCC, he was taken to the infirmary, where Defendants Dotson and Smith ignored his medical needs although

ORDER TO AMEND - 2

his legs and hands were swollen and failed to discuss his chronic back and leg pain. *Id*. He was also moved to a non-handicap accessible room. Mr. Flores alleges further that from October 16, 2008 until the present he has been denied medical care and handicap accessible housing. He alleges that Defendants Smith, Dotson and Able and "the medical committee who all work under DOC and AHCC have denied me ADA accomodations [sic], medical needs, made me be wheeled in weather that was below 0 degrees and then sit outside and wait up to an hour or more for pills, chow hall, etc. ...". *Id*.

Mr. Flores also alleges that Defendants Burk and Hewston denied him legal access and denied his transfer to a minimum facility and or medical prison (AVCC) in Yakima, Washington where his medical doctors are located. Mr. Flores also alleges that he has been retaliated against by the AHCC employees. *Id*.

## II. STANDARD OF REVIEW

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides in relevant part that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that the court "should freely give leave when justice so requires." In ruling on a motion to amend under Rule 15(a), a court weighs the following factors: bad faith, undue delay, prejudice to the opposing party, whether the amendment would be futile, and whether the party has previously amended his or her pleadings. *See Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991).

## III. DISCUSSION

**A.    Incorporation by Reference**

Defendants argue that it appears that Mr. Flores no longer wishes to state a claim against the named and served Defendants from WCC and wishes to proceed against the new defendants that are employed at Airway Heights Corrections Center because he "appears to be incorporating his previous complaint to the amended complaint." Dkt. 59, p. 2.

Defendants are correct that an amended pleading supersedes the original. *Hal Roach Studioes,*

ORDER TO AMEND - 3

*Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *See also Ferdick v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Marx v. Loral Corp*, 87 F.3d 1049, 1055 (9th Cir. 1996); *cf. USS-Posco Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 811-12 (9th Cir. 1994). Mr. Flores was previously advised by the Court that a new complaint must contain all of his allegations. Dkt. 45, p. 3.

In his proposed amended complaint, Mr. Flores claims that his "Eighth Amendment rights were violated due to the following reasons as stated in the complaint (read complaint, page 3)." Thus, Mr. Flores is attempting to improperly incorporate his previous complaint to the amended complaint. He has not, as is suggested by Defendants, however, abandoned his claims against the Defendants from WCC. For example, Mr. Flores names the WCC Defendants in his proposed amended complaint and alleges that they have been deliberately indifferent to his medical condition in violation of the Eighth Amendment. Dkt. 51, pp. 2, 5.

Mr. Flores also indicates that he has had some difficulties obtaining copies due to a hospitalization, retaliation and legal access and therefore, attached only some of his exhibits to his proposed amended complaint.

The Court shall grant Mr. Flores leave to amend his complaint so that he may include all of his allegations and attach all of his exhibits. To assist him, the Clerk will provide Mr. Flores with copies of his original Complaint with exhibits (Dkt. 5) and his proposed amended complaint with exhibits (Dkt. 51-2). As Mr. Flores was previously advised, the Court will not accept any supplements or references to previous pleadings.

In addition, Mr. Flores is advised of the following deficiencies in his proposed amended complaint, which must be cured when he prepares his amended complaint.

**B.     Eighth Amendment Claim**

ORDER TO AMEND - 4

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan*, 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25.

ORDER TO AMEND - 5

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. *Franklin,* 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).

Keeping these principles in mind, Mr. Flores must provide specific allegations against specific persons whom he claims participated in actions that were a conscious disregard of an excessive risk to his health. For example, in his proposed amended complaint, Mr. Flores makes general allegations such as: "The medical personal [sic], Dr. Smith, Kimberly Dotson and Doe Able and the medical committee, who all work under DOC and AHCC have denied me ADA accommodations, medical needs, made me be wheeled in weather that was below 0 degrees and then sit outside and wait up to an hour or more for pills, chow hall, etc...". Dkt. 51-2, p. 4. Mr. Flores must provide specific allegations showing that specifically named defendants participated in actions that were a conscious disregard of an excessive risk to his health.

Mr. Flores must also name the individual defendants whom he claims showed a "deliberate indifference" to his medical needs. Mr. Flores alleges that "WCC, AHCC and DOC will not attend to, ...;" that "[t]here has been clear, 'deliberate indifference' due to the failure for WCC, AHCC, DOC to respond appropriately ...". Dkt. 51-2, p. 5. However, only "persons" may be sued in civil actions

ORDER TO AMEND - 6

under 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id*. (citations omitted); *see Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Mr. Flores names the WCC and AHCC as defendants. Dkt. 51-2. He also includes allegations against DOC, WCC and AHCC. See Dkt. 51-2, p. 5. These entities are agencies of a sovereign state entity and not persons under § 1983. As such, they may not be included as defendants in this lawsuit.

Mr. Flores also names the "Medical Committees" of WCC and AHCC as defendants, but these entities are also not proper defendants. Mr. Flores must name the individuals who caused him harm.

Mr. Flores shall be given an opportunity to amend his complaint to individually name persons whom he alleges were involved in violating his constitutional rights. He shall include only those factual allegations relating to his claims that he was denied medical care in violation of his Eighth Amendment rights. Mr. Flores must name the prison official or officials who were deliberately indifferent to his medical needs. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**C.    Retaliation**

Mr. Flores alleges that he "has been punished for retaliation by DOC-AHCC employees who are stated in this Amended Complaint." Dkt. 51-2, p. 4. This is insufficient to state a viable claim for First Amendment retaliation. Mr. Flores has not named the defendant or defendants who acted against him. He has not described what action was taken against him or the constitutionally protected conduct in which he was engaged.

It is well established that a prisoner may assert a cause of action against prison officials who retaliate against an inmate in response to the exercise of a constitutional right. *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985). To state a claim for retaliation, a plaintiff must establish: 1) that the activity he engaged in was constitutionally protected; 2) that the retaliation occurred because of, and infringed

ORDER TO AMEND - 7

upon, his constitutionally protected activity; and that 3) the retaliatory actions were not reasonably related to legitimate penological interests. *Id*. at 531-32. In *Rizzo*, the Ninth Circuit emphasized that for a prisoner to state a cause of action based upon retaliation, he "must do more than alleged retaliation ... he must also allege that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id*.

The Ninth Circuit has cautioned that retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which "often squander[s] judicial resources with little offsetting benefit to anyone.'" *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id*. (quoting *Sandin*, 515 U.S. at 482). "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003).

As Mr. Flores shall be given an opportunity to amend his Complaint, he may also amend his allegations relating to his claim that prison officials retaliated against him. However, he must name the prison official or officials who retaliated against him *because of* the particular activity he was engaged in at the time and he must specify what action or actions they took against him. It is not enough to simply state that all the "DOC-AHCC employees" retaliated against him. To properly state a claim under 42 U.S.C. § 1983, Mr. Flores must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**D.     Supervisory Defendants**

ORDER TO AMEND - 8

Defendants argue that Mr. Flores should not be allowed to amend his complaint to include claims against Defendants Vail, Miller-Stout and Rusty Smith because he does not allege that any of these individuals personally participated in the actions taken against him, but appears to include them because they supervise those that he believes took action against him. Dkt. 59, p. 7. The Court agrees.

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at 743-44. "A supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Supervisory liability exists even without overt personal participation in an offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Id*. at 1447 (internal quotation marks and citations omitted). But under no circumstances is there respondeat superior liability under § 1983. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Vill*., 723 F.2d 675, 680-81 (9th Cir. 1984).

Mr. Flores has not sufficiently alleged that Defendants Vail, Miller-Stout or Smith personally participated in any alleged harm with any specificity. As to Defendants Vail and Miller-Stout, he alleges only that he was moved to a non-handicap accessible room by AHCC personnel "who work for these defendants and who allow all the classification and housing." Dkt. 51-2, p. 4. His only allegation as to Defendant Smith is that "Rusty Smith is the Medical Director." *Id*. These allegations

ORDER TO AMEND - 9

are based entirely on the supervisory positions of Defendants Vail, Miller-Stout and Smith. Mr. Flores has not alleged any direct involvement of these defendants in any alleged deprivation of his constitutional rights.

Absent some personal involvement by these defendants in the alleged unlawful conduct of a subordinate, they cannot be held liable under § 1983. Mr. Flores shall be given an opportunity to amend his complaint to omit his allegations against these defendants.

**E.      Legal Access**

Mr. Flores alleges that Defendants Burk and Hewston denied him "legal access under my Fourteenth Amendment and have made and making medical decisions by dening [sic] me to be moved to a minimum facility and or medical prison (AVCC) which is in Yakima, WA where the plaintiff's Dr's [sic] are." Dkt. 51-2, p. 4. These allegations are not sufficient to state a claim under 42 U.S.C. § 1982 for denial of a right of access to the courts.

Prisoners have a federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment. See *Bounds v. Smith*, 430 US. 817,821,97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); see also *Royse v. Superior Court*, 779 F.2d 573 (9th Cir. 1986). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 US. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds*, 410 US. at 825.

The Ninth Circuit has established a two-step analysis for determining whether a right of access claim has merit. First, the Court decides "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). If the claim does not involve denial of either, the court must determine whether the plaintiff alleges an actual injury to court access. *Id*. "An 'actual injury' is a specific instance where an inmate was actually denied access to the courts." *Sands*, 886

ORDER TO AMEND - 10

1  at 1171.  In order to state a claim for relief, the plaintiff must establish either that (1) he was denied access to an adequate law library or trained legal assistance or (2) he was actually denied access to the courts.  *Id*.  A "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." *Vigliotto v. Terry*, 873 F.2d 1201, 1202-03 (9th Cir. 1989).

Mr. Flores has failed to allege that Defendant Burk and Hewston denied him access to an adequate law library or trained legal assistance or that he was actually denied access to the courts.  In addition, decisions regarding the placement and supervision of inmates are the unique province of prison officials.  The law recognizes that, particularly in the context of prison administration, the prison administrators, not the courts, are in the best position to make decisions about prison security and the allocation of prison resources.  *Turner v. Safley*, 482 U.S. 78, 84-85 (1987); *Hudson v. Palmer*, 468 US. 517 (1984).  A prison inmate has no constitutional right to a particular classification or custody level.  *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987), *citing Moody v. Daggett*, 429 U.S. 78 (1976).  Inmates also have no constitutional right to be incarcerated in a particular prison and a transfer from one institution to another within a state's prison system does not implicate due process.  *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

To the extent that he is able to state a claim of denial of his federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment, Mr. Flores may do so.  However, he is advised that he must allege how Defendant Burk and Hewston denied him access to court and/or state when he was actually denied access to the courts.

**F.     Loss of 15 Days of Good Time**

Mr. Flores alleges that he had a release date of April 11, 2009 but was detained until April 26, 2009, and seeks reinstatement of 15 days good time.  Dkt. 51-2, pp. 5-6.  Defendants argue that his claim is not cognizable under 42 U.S.C. § 1983 because his confinement has not previously been held invalid.  Dkt. 59, pp. 7-8, citing *Heck v. Humphrey*, 512 U.S. 477, 479 (1994).

When a person confined by government is challenging the very fact or duration of his

ORDER TO AMEND - 11

physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Defendants also argue that the fact that Plaintiff is no longer in DOC custody does not change the *Heck* analysis. *Guerrero v. Gates*, 357 F.3d 911, 917 (9th Cir. 2004)(arguable exceptions suggested by dissenting members in *Spencer v. Kemna*, 523 U.S. 1 (1998) and embodied in *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), ... are limited". *Id*. at 917.

However, the exception embodied in *Nonnette* is applicable here as it was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence. *Nonnette*, 316 F.3d at 877 n. 6; 874-77. Following exhaustion of his administrative remedies Nonnette brought § 1983 claims while incarcerated, alleging miscalculation of his prison sentence and improper revocation of good-time credits and imposition of disciplinary proceedings. *Id*. at 874. The district court dismissed his § 1983 claims as barred by *Heck*. Shortly after the court's dismissal, Nonnette was released on parole and therefore could not overturn his disciplinary conviction by means of habeas corpus. *Id*. at 875. The *Nonnette* Court emphasized, however, that *Nonnette's* relief from *Heck* "affects only former prisoners challenging loss of good-time credits, parole or similar matters," not challenges to an

ORDER TO AMEND - 12

underlying conviction such as those Guerrero brought. *Id*. at 878 n. 7.

In this case, Mr. Flores alleges that he had a release date of April 11, 2009 but was informed on March 17, 2009 that it had been changed to April 26, 2009. Dkt. 51-2, p. 5[1].

Mr. Flores appears to be challenging the loss of good time credits and not his underlying conviction. It also appears that he was unable to challenge the loss of good time credits due to the shortness of his prison sentence following the alleged loss (one month prior to his release). Accordingly, the Court finds that he shall be allowed to proceed with this claim.

As Mr. Flores will be granted leave to file an amended complaint, Defendants' motion to dismiss (Dkt. 36) must be re-noted or re-submitted once an amended complaint has been filed.

Mr. Flores is again reminded that his amended complaint under § 1983 shall consist of a **short and plain statement** showing that he is entitled to relief. He shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Flores shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint. Mr. Flores is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Flores shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint"**

---

[1] Mr. Flores filed a notice of change of address reflecting his release from prison as of April 26, 2009. Dkt. 56.

ORDER TO AMEND - 13

1 **and Cause Number C08-5621 RJB/KLS must be written in the caption**.

2     It is, therefore, **ORDERED:**

3     (1)    That Plaintiff is granted leave to file an amended complaint in the manner described by the Court herein, entitled "Amended Complaint" **on or before July 24, 2009**. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners and U.S. Marshal forms.

4     (2)    The Clerk of the Court is further directed to send Plaintiff a copy of his original complaint with exhibits (Dkt. 5) and a copy of his proposed amended complaint with exhibits (Dkt. 51-2).

5     (3)    Plaintiff is directed to fill out the forms with the complete addresses for all newly named defendants and return the forms for service with service copies of the Amended Complaint for service by the U.S. Marshall. These documents must be returned on or before **July 24, 2009,** or the Court will recommend dismissal of this action against this Defendant for failure to prosecute. The District Clerk shall provide the appropriate forms to Plaintiff.

6     (3)    Defendants' motion to dismiss (Dkt. 36) **shall be stricken** from the Court's docket. Defendants may re-note or resubmit their motion once an amended complaint has been filed by Plaintiff.

7     (4)    The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

    DATED this  25th  day of June, 2009.

                                    Karen L. Strombom
                                    United States Magistrate Judge

ORDER TO AMEND - 14