UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH R. FLORES,

                Plaintiff,

v.

JAN MORGEN, et al,

                Defendants.

No. C08-5621 RJB/KLS

ORDER DENYING MOTION TO FILE LEGAL JOURNAL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is the Plaintiff's Motion to file his "Legal Journal" and to make copies of the journal and serve it on counsel for Defendants. Dkt. 63.

On June 26, 2009, Plaintiff was ordered to file an amended complaint. Dkt. 62. On July 24, 2009, Plaintiff filed a proposed First Amended Complaint, naming Doe Smith, Kimberly Dotson, Doe Able, Rusty Smith, Maggie Miller-Stout, G. Burke, Doe Hewston and Jan Morgen. Dkt. 64. Along with his proposed First Amended Complaint, Plaintiff submitted his "Legal Journal," with the notation , "[t]his is the only one, there are no copies due to the expense of getting them. I need this filed with the Court and then sent to defendants attorneys if the Court agrees!" Dkt. 63. The Court Clerk scanned the first page of the journal into CM/ECF and noted

ORDER - 1

the request for the Court's consideration as a "Motion for Order to File Flores Legal Journal. Dkt. 63.

Despite Mr. Flores' *in forma pauperis* status, he is responsible for the payment of his own copying costs. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize payment by the Court of indigent litigants' general copying costs. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress....' " *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).

Section 1915 authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. Cf. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993) (§ 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses); *Tedder*, 890 F.2d at 211-12 (same).

Accordingly, it is **ORDERED:**

(1) Plaintiff's request that the Court file his legal journal, make copies and serve Defendants (Dkt. 63) shall be **DENIED**.
(2) The Clerk is directed to return the original legal journal to Plaintiff.
(3) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants who have appeared of record.

DATED this  19th   day of August, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2