UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH R. FLORES,

                Plaintiff,

v.

JAN MORGEN, et al.,

                Defendants.

No. C08-5621 RJB/KLS

ORDER DENYING SECOND MOTION
FOR THE APPOINTMENT OF COUNSEL

Before the court is Plaintiff's second motion for the appointment of counsel. Dkt. 82. Plaintiff's previous motion for counsel (Dkt. 24) was denied by this court. Dkt. 47. For the reasons stated below, Plaintiff's second motion for counsel shall be denied.

*DISCUSSION*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

ORDER DENYING MOTION FOR COUNSEL - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that since he was released from prison on April 26, 2009, he has contacted 15 law firms in Seattle, but has been unable to procure counsel. Dkt. 82, p. 2. He states that his case "has merit and can go all the way if [he] had some help with the last part of it." *Id.* He also states that his health has worsened and he gets sick and confused with the medications doctors have prescribed for him. *Id.*

With regard to Plaintiff's request for counsel, his indigency, inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

ORDER DENYING MOTION FOR COUNSEL - 2

With regard to Plaintiff's claims of medical problems, the court has no evidence that such disabilities hinder Plaintiff's ability to adequately articulate his claims. If Plaintiff needs additional time to prosecute this matter, he should provide the Court with documentation of his medical conditions so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

Accordingly, Plaintiff's second motion to appoint counsel (Dkt. 82) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  26th  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3